VAN EENENNAAM *v.* REYERSE.

1. SPECIFIC PERFORMANCE—ORAL CONTRACT—PART PERFORMANCE—FRAUDS, STATUTE OF.

In a suit for the specific performance of an oral contract for the sale of land, where plaintiff, with the knowledge and consent of defendants, went into possession, fertilized and cultivated the land, built an ice house, drove a well, paid the taxes, and began an excavation for a house, there were sufficient acts of part performance to justify a court of equity in decreeing specific performance.

2. HOMESTEADS—LANDS NEVER TAKEN POSSESSION OF NO PART OF HOMESTEAD.

Where, at the time defendants contracted to purchase ten acres of land, with the buildings thereon, they also contracted to sell four acres, of which they never took possession, no homestead interest of defendants ever attached to the four acres.

3. SPECIFIC PERFORMANCE—LIENS—DECREE MODIFIED.

Where defendants were purchasing a ten-acre tract of

---

[1]Specific Performance, 36 Cyc. pp. 656, 669, 670; [2]Homesteads, 29 C. J. § 48; [3]Specific Performance, 36 Cyc. p. 753.

land on contract, and in a decree against them for the specific performance of a contract for the sale of four acres thereof, a lien was erroneously given plaintiffs on the remaining six acres, to be enforced in the event of defendants' failure to perform their contract with the owner, on appeal, the decree is modified in respect to the lien.

Appeal from Kent; Brown (William B.), J. Submitted June 15, 1927.   (Docket No. 59.)   Decided October 3, 1927.

Bill by Hillis Van Eenennaam against Cornelius Reyerse and another for specific performance of a land contract.   From a decree for plaintiff, defendants appeal.   Modified and affirmed.

*Charles F. Hext,* for plaintiff.

*Michael Garvey,* for defendants.

McDONALD, J.   The purpose of this suit was to compel the specific performance of a contract for the sale of four acres of land in the township of Grand Rapids, Kent county, Michigan.   On the hearing, the court entered a decree for the plaintiff.   The defendants have appealed.

The contract was not in writing, but the plaintiff claims his right to enforce it because of subsequent part performance.   In defense of the action, it was asserted that if there were a contract, it was made with Mr. Reyerse and that his wife, Sarah Reyerse, was not a party to it; that if made with either or both of them, it was void because not in writing; that in any event the contract could not be specifically enforced because the land was a part of their homestead and as such could not be sold without the consent of the wife, in writing.

It is not seriously contended that there was no contract with Mr. Reyerse; and we think it as clearly appears that Mrs. Reyerse was a party to it.   The

testimony leaves no doubt that she was the moving spirit in making the sale. After observing her upon the witness stand and listening to her testimony, the trial court expressed his impression that she was the business end of the Reyerse household and the controlling factor in making the contract with the plaintiff. She was positive in her denials that she had any part in it and claims to have been opposed to the sale at all times, but her testimony is disproved by a cloud of disinterested witnesses. The circuit judge found that the contract was made with both of the defendants and the record amply supports his conclusion.

The contract was executed about May 24, 1924. The plaintiff was given immediate possession of the four acres. He fertilized and cultivated it, built an ice house at a cost of $500, drove a well that cost $172, paid the taxes and began an excavation for a house. All of this was done with the knowledge and consent of the defendants. On several occasions, he asked to have the contract reduced to writing, but was put off on one pretext or another until December, 1925, when the defendants for the first time refused to recognize the binding force of their agreement. There were sufficient acts of subsequent part performance to justify a court of equity in ordering the enforcement of the oral contract.

The contention that the contract cannot be enforced because it involves a homestead requires a more extended reference to the facts. And we think that a statement of the facts as we find them will show that the four acres in question were not a part of the defendants' homestead. At the time this transaction arose, the defendants had been living for some years on a ten-acre tract, of which the four acres were a part. They occupied it as tenants. They were friends and neighbors of the plaintiff. They had an

opportunity to buy the property for $5,400. They decided to do so if the plaintiff would take the north four acres. The buildings were on the other six acres. The plaintiff consented. Defendants closed the deal with the owner and received their contract. They had measured the four acres and the plaintiff knew what portion of the land he was to receive. About two hours after the defendants had notified the owner of their acceptance of her offer, they completed the contract with the plaintiff. They remained in occupancy of the six acres and the plaintiff was given possession of the balance pursuant to their agreement. The sale of the property to the defendants was handled for the owner by Mr. Friar, a real estate broker of Grand Rapids. The sale of the four acres to the plaintiff was being negotiated by the defendants at the same time and ought to be regarded as a part of the same transaction. The defendant Cornelius Reyerse testified:

"At that time when I had the deal with Friar, Van Eenennaam and I understood that Van Eenennaam was to take the north four acres. That is the first that I ever had any interest in the land as owner. When I got the ten acres of land at that time, I intended that the north four acres should go to Van Eenennaam. I intended to make my home on the south six acres, and I did so.

"When I made the deal with Friar, I understood that Van Eenennaam was going to take the four acres and use it for himself. I did not intend to keep the four acres for myself or use it for any purpose. All I intended to use for my home was the house and six acres on my side."

The defendants had no homestead interest in any of the land until they bought it on contract from the owner. They never went into possession of the four acres under their contract. They had sold it to the plaintiff. They recognized his possession and owner-

ship.    They never treated it as a part of their home-stead.    The defendant Reyerse says so:

"I did not intend to keep the four acres for myself or use it for any purpose.    All I intended to use for my home was the house and six acres on my side."

In view of this testimony, it is very clear that no homestead interest of the defendants ever attached to the four acres.    The trial court correctly held that homestead rights were not involved in the contract.

In the decree entered, the court gave the plaintiff a lien on the six acres, to be enforced in the event of failure on the part of the defendants to perform their contract with the owner.    In this the court was wrong.    In respect to the lien granted, the decree will be modified.    A decree will be entered in this court in accordance with this opinion.    The plaintiff will have costs of both courts.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.