VAN EENENNAAM *v.* REYERSE.

PARTIES—SPECIFIC PERFORMANCE—LITIGATION WILL NOT BE PROLONGED BY REQUIRING ONE WILLING TO PERFORM TO BE MADE PARTY.

Where, in a suit by the vendee for the specific performance of a land contract, by executing a deed on payment of the balance due, it appears that defendants were unable to comply because they had not yet received a deed to the land, but their vendor had executed a deed and left it with her agent for delivery on payment of the balance due, the Supreme Court, on appeal from a decree for plaintiff, will not prolong the litigation by requiring defendants' vendor to be made a party, but, since defendants'

rights are fully protected, plaintiff is granted the relief sought.

Appeal from Kent; Dunham (Major L.), J.    Submitted April 13, 1928.    (Docket No. 142, Calendar No. 33,663.)    Decided June 4, 1928.

Bill by Hillis Van Eenennaam against Cornelius Reyerse and another for specific performance of a land contract.    From an order denying a motion to dismiss, defendants appeal.    Dismissed.

*Charles F. Hext,* for plaintiff.

*Michael Garvey,* for defendants.

SHARPE, J.    In a suit between these parties decided by this court in 240 Mich. 454, it was held that plaintiff was entitled to specific performance of an oral contract for the sale of four acres of land in the township of Grand Rapids, in the county of Kent.    A contract was entered into pursuant to the decree then entered.    By its terms plaintiff was permitted to make payments of $200 or *more* each six months after its execution.    On November 28, 1927, plaintiff tendered to defendants the balance of the purchase price ($1,671), and demanded a deed of the premises.    Defendants refused to comply with this demand for the reason that they were not entitled to a deed under their contract with Melissa Retan, from whom they had purchased under contract this four acres and the adjoining six acres.    The bill of complaint alleges that, pursuant to plaintiff's request, Mrs. Retan had executed to defendants and placed in the hands of the Michigan Trust Company, at Grand Rapids, her agent in that city, a deed of this four acres, to be delivered to defendants upon payment of the sum of $2,000.    The bill in this case was filed to compel specific performance by the defendants.    Their motion to dismiss because

Mrs. Retan was not made a party defendant was denied. An appeal from that order is before us.

Defendants are here asked to deed to plaintiff in pursuance of the express terms of their contract. By their failure to provide therein for payments which would entitle plaintiff to a deed at the same time they received their deed of the entire ten acres from Mrs. Retan, they are placed in an embarrassing position. They are asked to deed that to which they have not yet received title. But Mrs. Retan is willing to help them out of their difficulty, and in view of the fact that her deed to them is in the hands of her agent at Grand Rapids, ready to be delivered, we can see no reason for prolonging the litigation by requiring her to be made a party defendant. From aught that appears in defendants' answer which has been filed, or in their motion to dismiss, we think their rights will be fully protected if the prayer for relief in plaintiff's bill be granted.

The appeal is dismissed, without costs, and the cause remanded for further proceedings not inconsistent herewith.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.